**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**Proceeding Memorandum/Order**

**In Re:** RBS Citizens, N.A. et al v. Longyear at Fisher Hill     **Case/AP Number** 11-01007 **-FJB**
Condominium Trust                                                 **Chapter**

#11 Motion of Plaintiff for Partial Summary Judgment (W. Hanlon)
#20 Opposition of Defendant (C. Murphy)

**COURT ACTION:**

_____Hearing held

_____Granted     _____Approved     _____Moot

_____Denied     _____Denied without prejudice     _____Withdrawn in open court

_____Overruled _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order     _____Released _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

The Plaintiff seeks summary judgment as to its count for declaratory judgment regarding the "rolling lien theory."  This demand for relief concerns the priority of liens against property of the estate and as such constitutes a core proceeding.  28 U.S.C. § 157(b)(2)(K).  The Trust's request for mandatory abstention under 28 U.S.C. § 1334(c)(2) is hereby denied on the basis that the matter in question cannot be timely adjudicated in the existing state court proceedings; for the same reason the Court will not, in the interest of comity with the state courts, abstain under 28 U.S.C. § 1334(c)(1) as to the declaratory judgment count.  I further find no basis for issue preclusion or claim preclusion as to the declaratory judgment count; the sole judgment that has issued did not address the present issue of priority and could not have done so, as, when it entered, there was not yet in existence another judgment or lien in favor of the Trust.  With respect to summary judgment on the merits, there are no genuine issues of material fact concerning the count for declaratory relief.  For the reasons articulated by the Plaintiff in its memorandum in support of summary judgment, as supplemented by counsel's oral argument at the hearing on the motion, the Court is persuaded that G. L. c. 183A, § 6 limits a condominium association to a single priority lien, not a series of liens.  Accordingly, Plaintiff's Motion for Partial Summary Judgment is hereby GRANTED.  Declaratory judgment will enter as requested at the close of the adversary proceeding.

IT IS SO ORDERED:

_____ Dated: 04/04/2011
Frank J. Bailey
United States Bankruptcy Judge