**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br>**LONGYEAR PROPERTIES, LLC,**<br>                    Debtor<br>**RBS CITIZENS, N.A.,**<br>                    Plaintiff<br>v.<br>**LONGYEAR AT FISHER HILL CONDOMINIUM TRUST,**<br>                    Defendant | Chapter 7<br>Case No. 10-20326-FJB<br><br><br>Adversary Proceeding<br>No. 11-1007 |

**MEMORANDUM OF DECISION**

Plaintiff RBS Citizens, N.A., ("Citizens") holds a blanket mortgage on five condominium units owned by debtor Longyear Properties LLC. Defendant Longyear at Fisher Hill Condominium Trust ("the Trust") holds four liens under M.G.L. c. 183A, § 6(c) against each of the same units, each lien being for common area charges and related costs and attorney's fees; the liens were established in a series of four state court actions relating to successive six-month periods. Though the units have been marketed for sale, only one has been sold to date; in the aggregate, they appear to be of insufficient value to pay in full both Citizens' mortgage and the Trust's liens, and priority is therefore an issue. By an earlier ruling in this adversary proceeding, and over the Trust's objection, this court rejected the Trust' so-called "rolling lien theory" and ruled instead that the Trust's liens on each unit enjoy priority over Citizens' mortgage only to the extent of a single six-month lien. The parties have agreed on the amount of the common area charges for that six-month period but disagree about the extent of attorney's fees

and costs that should be part of that lien.  Citizens maintains that the amount is limited to the fees and expenses incurred in the action that established the lien, which fees and expenses it quantifies at $11,159.62.  While the Trust does not dispute that this sum properly quantifies the fees and expenses it incurred in the action that established the lien, the Trust contends that the lien should also include all fees and costs incurred thereafter to enforce its lien, which sum the Trust contends is $175,087.62 and continues to grow as further fees accrue.

The Court agrees with Citizens that the matter is resolved by the plain language of the statute.  The second paragraph of § 6(c) states that the lien that a condominium association may obtain under that section enjoys priority over a mortgage "to the extent of the common expense assessments . . . which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce the lien and to the extent of any costs and reasonable attorneys' fees incurred *in the action to enforce the lien*."  M.G.L. c. 183A, § 6(c) (emphasis added).  The emphasized language clearly and unambiguously limits the attorney's fee portion of the priority lien to those fees incurred "in the action to enforce the lien."  There is no need to look beyond this language for a contrary intent in the statute; in any event, I discern no contrary intent at all, certainly none as clear as this express language.  The operative phrase does not say "incurred to enforce the lien" or "incurred in *an* action to enforce the lien" but "incurred *in the action* to enforce the lien."  The Court concludes that priority is limited to those fees incurred in the action that established the lien, $11,159.62, and does not extend to fees incurred later to enforce the lien or to enforce, defend, or further establish its priority.  Judgment will enter accordingly.  The total fees of $11,159.62 shall be apportioned equally among the five units.

Date:  December 1, 2011

_____
Frank J. Bailey
United States Bankruptcy Judge

2